UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS MCFADDEN,

                    Petitioner,


                                                      **ORDER**
          v.                                          02-CV-0483Sc
                                                      (Consent)



DANIEL SENKOWSKI,

                    Respondent.

_____

          On July 8, 2002, petitioner, acting *pro se*, filed a petition for habeas corpus relief

pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  On September 24, 2002, the Court

stayed the petition so that petitioner could return to state court and exhaust an

unexhausted claim of ineffective assistance of counsel claim.  (Docket No. 7).[1]  On

January 17, 2003, the Court vacated the stay and reinstated the ineffective assistance

of counsel claim.  (Docket No. 9).  On March 22, 2005, petitioner filed an additional

request to stay the petition so that he could raise a claim based on Apprendi v. New

Jersey, 530 U.S. 466 (2000).  (Docket No. 13).  Petitioner's request simply states that

he has discovered that he has an issue relating to Apprendi that is "unpreserved" and

that he wants to return to state court so that he could then raise said issue in this Court.

_____

[1]On August 19, 2002, petitioner had requested that the Court allow him to withdrawal the petition so
that he could return to state court an exhaust certain claims (Docket No. 4), and on August 21, 2002, the Court
ordered petitioner to advise the Court whether or not he wished to withdrawal the petition or to stay it pending
exhaustion of the unexhausted claims.

Petitioner does not state the basis of his Apprendi claim nor does he provide any reason as to why he did not previously exhaust this claim in state court.  For the reasons set forth below, petitioner's motion for a stay is denied without prejudice to re-filing upon an adequate showing, pursuant to Rhines v. Weber, 544 U.S. ___, 125 S.Ct. 1528, 1534, 161 L. Ed. 2d 440, 450 (2005), that (1) there is good cause for petitioner's failure to exhaust the Apprendi claim, (2) that the Apprendi claim relates back to the claims originally pled in the petition, see Mayle v. Felix, — U.S. —, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005) and (3) that the Apprendi claim is not plainly meritless.

In its last term, the United States Supreme Court directly addressed the stay and abeyance approach that had been utilized by a number of Circuits, including the Second, see Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 536 U.S. 925 (2001), which allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims.  Assuming the petitioner complied with the conditions for the stay, i.e., file exhaustion proceedings within 30 days of entry of the stay order and return to the district court within 30 days after the completion of exhaustion proceedings in state court, the reinstated claims could be determined to relate back to the date of the original petition for statute of limitations purposes.  Id. at 381-82.

In Rhines, 544 U.S. at ___, 125 S.Ct. at 1534, 161 L.Ed.2d at 450, the Supreme Court approved the stay and abeyance approach but limited its use to only those situations where there was a showing of "good cause" for the petitioner's failure to

2

exhaust the claims in state court and that the unexhausted claims are not "plainly

meritless." Id. at __, 125 S.Ct. at 1535; 161 L.Ed.2d at 450.  See also Faden v. Annetts,

05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205)

(denying request for stay without prejudice to renew upon a showing of (1) good cause

for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to

the originally pled claims, or petitioner was not able to raise the new claims in the

original petition, and (3) that the new claims are "potentially meritorious" on federal

habeas corpus review).

    In the instant matter, petitioner has failed to establish the criteria for the granting

of a stay as set forth in Rhines.  Petitioner simply states that he "discovered" that he has

an issue under Apprendi and asks the Court to stay the petition to allow him to again go

back to state court and exhaust this new claim.  (Docket No. 13).  Petitioner offers no

justification for why he did not previously exhaust this claim and provides nothing in

support of this claim which would allow the Court to make a preliminary determination as

to whether the Apprendi claim is or is not "plainly meritless."  Additionally, he has not

established in any way that the new claim he now seeks to exhaust and then add to

these proceedings is not barred by the statute of limitations, 28 U.S.C. § 2244(d)(1),

because it "relate[s] back" to the claims pled in the original petition.  See Fed.R.Civ.P.

15(a); Mayle, — U.S. —, 125 S. Ct. at 2571-73; 162 L. Ed. 2d 582 ("An amended habeas

petition . . . does not relate back (and thereby escape AEDPA's one-year time limit)

when it asserts a new ground for relief supported by facts that differ in both time and

type from those the original pleading set forth.") Without a showing of both "good cause"

and that the new claims are not "plainly meritless," petitioner's request for an additional stay of these proceedings must be denied.

Accordingly, petitioner's motion (Docket No. 13) to again stay these proceedings is **DENIED** without prejudice to re-filing upon a adequate showing pursuant to Rhines, 544 U.S. ___, 125 S.Ct. at 1535, 161 L. Ed. 2d at 450, that (1) there is good cause for petitioner's failure to exhaust the new claims, (2) that the Apprendi claims relate back to the claims originally pled in the petition, or that petitioner was not able to raise the Apprendi claim in the original petition, and (3) that the Apprendi claim is not plainly meritless.  Any additional motions to stay these proceedings must be filed no later than **30 days** after petitioner's receipt of this Order.  Any motion for a stay filed after that time period will be denied, unless petitioner can establish good cause for his inability to file a renewed motion for a stay within 30 days.

Further, if petitioner does not re-file his request for a stay as set forth above within 30 days of receipt of this Order, respondent must file an answer and memorandum of law in response to the petition, as amended by the reinstatement of the ineffective assistance of counsel claim (see Docket  No. 9), no later than **November 1, 2005.**  Respondent is also directed to file, along with his answer and memorandum of law, a copy of the state court record of the underlying state criminal court proceedings, including any transcripts, briefs and court orders issued in connection with said proceedings.  Petitioner will have until **December 1, 2005**, to file a reply to respondent's answer and memorandum of law.  If petitioner does re-file his request for a stay, respondent's time to answer the petition will be stayed pending the resolution of petitioner's re-filed request for a stay.

4

SO ORDERED.

s/Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
August 11, 2005