UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS McFADDEN,

                      Petitioner,                         **DECISION AND ORDER**

     -vs-                                          No. 02-CV-0483

DANIEL A. SENKOWSKI,

                      Respondent.
_____

## INTRODUCTION

Thomas McFadden ("McFadden") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Monroe County Court on charges of first degree robbery (N.Y. Penal Law § 160.15(2)). The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

McFadden and a co-defendant, Frederick Gaston ("Gaston"), were arrested and charged with the robbery of a Wilson Farms convenience store in the City of Rochester. After a joint trial held on in Monroe County Court (Maloy, J.), both defendants were convicted of first degree robbery as charged in the indictment. McFadden was adjudicated as a second felony offender and was sentenced to an indeterminate sentence of ten to twenty years. On appeal, the judgments of conviction were reversed upon the ground that the trial court erred in denying defendants' challenge for cause with regard to a prospective juror. *People v. McFadden*, 244 A.D.2d 887, 665 N.Y.S.2d 985 (App. Div. 4th Dept. 1997). The appellate court affirmed the trial court's denial of defendants' suppression motions, however. *Id.*

At the retrial, conducted in Monroe County Court (Attilo, J.), defendants again were convicted of first degree robbery as charged in the indictment. This time, the prosecution sought to have McFadden declared a persistent felony offender using a prior felony conviction in addition to those taken into account when McFadden had been adjudicated a second felony offender after the first trial. McFadden did not controvert any of the felony convictions, and the trial court granted the prosecution's request. McFadden accordingly was sentenced as a persistent felony offender to fifteen years to life in prison.

On direct appeal, McFadden's conviction was unanimously affirmed by the Appellate Division, Fourth Department, of New York State Supreme Court. *People v. McFadden*, 289 A.D.2d 1030, 735 N.Y.S.2d 280 (App. Div. 4th Dept. 2001). The New York Court of Appeals denied leave to appeal. *People v. McFadden*, 97 N.Y.2d 757, 769 N.E.2d 364, 742 N.Y.S.2d 618 (N.Y. 2002).

McFadden collaterally attacked his conviction by means of a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, challenging the legality of the search of his home and the seizure of various items by police on the night of the robbery and alleging that the identification procedure employed during the show-up was unduly suggestive. County Court (Geraci, J.). denied the motion because all of the issues raised were apparent on the record and thus could have been raised on direct appeal. *See* March 9, 2001 County Court Order at 2-3) (citing N.Y. Crim. Proc. Law § 440.10(2)(b), attached to Respondent's Appendix of Exhibits as Ex. K).

On April 15, 2002, McFadden brought another C.P.L. § 440.10 motion, this time alleging that trial counsel was ineffective because he "provid[ed] the defendant with misstatements of the

highest possible sentence he could receive after retrial." McFadden argued that counsel's gave

him "mistaken information" regarding his possible sentence exposure "upon which to base his

appeal following the first trial." According to McFadden, "counsel[']s act clearly prejudice [*sic*]

the defendant by imposing a greater sentence upon the defendant[.]" McFadden also claimed that

counsel was deficient in failing to move to suppress the bullets that were seized at McFadden's

apartment as being outside the scope of the search warrant. In a written decision and order, Judge

Geraci denied the motion on the merits. *See* June 7, 2002 County Court Order, attached to

Respondent's Appendix of Exhibits as Ex. N.

This habeas petition followed in which McFadden raises the following grounds for relief:

(1) ineffective assistance of trial counsel; and (2) denial of his Fourth Amendment rights.

Respondent argues that the ineffective assistance of counsel claim is unexhausted because

McFadden did not appeal the denial of the motion to the Appellate Division and therefore failed

to complete one full round of state court review. The Court agrees with respondent that the claim

is unexhausted. Pursuant to 28 U.S.C. § 2254(b)(2), the Court has the discretion to deny a mixed

petition containing both exhausted and unexhausted claims.

The Second Circuit has not yet articulated a standard for determining when unexhausted

claims should be denied on the merits, but the majority of district court decisions in this Circuit

have embraced a "patently frivolous" test for dismissing unexhausted claims. *Naranjo v. Filion*,

2003 WL 1900867, at *8  (footnote omitted) (citing *Hammock v. Walker*, 2002 WL 31190945, at

*2 (W.D.N.Y. Sept.17,  2002); *Cruz v. Artuz*, 2002 WL 1359386, at *8 (E.D.N.Y. June 24,

2002); *Pacheco v. Artuz*, 193 F. Supp.2d 756, 761 (S.D.N.Y. 2002); *Rowe v. New York*, 2002

WL 100633, at *5 (S.D.N.Y. Jan. 25, 2002); *Love v. Kuhlman*, 2001 WL 1606759, at *5

(S.D.N.Y. Dec. 12, 2001); *Shaw v. Miller*, 2001 WL 739241, at *2 n. 2 (E.D.N.Y. June 26,

2001); *Santana v. Artuz*, 2001 WL 474207, at *3-4 (S.D.N.Y. May 1, 2001)).  A minority of

courts in this Circuit have expressed the test as whether "'it is perfectly clear that the [petitioner]

does not raise even a colorable federal claim,' in which case the Court should dismiss the

unexhausted claim on the merits (or rather the clear lack thereof)." *Id.* (quoting *Hernandez v.

Lord*, 2000 WL 1010975, at *4-5 & n. 8 (S.D.N.Y. July 21, 2000)) (internal quotations omitted)

(analyzing the diverging views without deciding which standard is appropriate); *see also Padilla

v. Keane*, 2000 WL 1774717, at *3 (S.D.N.Y. Dec. 4, 2000); *Orraca v. Walker*, 53 F. Supp.2d

605, 611 (S.D.N.Y. 1999); *Basnight v. Keane*, 2001 WL 901139, at *5 n. 1 (E.D.N.Y. July 31,

2001) (articulating "nonmeritorious" standard rather than "patently frivolous," although claims

failed either standard). The Second Circuit opted for the "patently frivolous" test in *Jones v.

Senkowski*, 2001 WL 1230800, at *4 (2d Cir. Oct. 5, 2001), but that decision was later vacated

and withdrawn.  *Naranjo*, 2003 WL 1900867, at *8 n. 14 (citing *Jones v. Senkowski*, 2002 WL

246451 (2d Cir. May 22, 2002), *amended by Jones v. Senkowski*, 42 Fed. Appx. 485, 2002 WL

1032589 (2d Cir. May 22, 2002), *cert. denied*, 537 U.S. 1177 (2003)).

As discussed below, the Court finds that McFadden's ineffective assistance claim is

either "patently frivolous" or "nonmeritorious" test. Thus, it is appropriate for the Court to rely

upon 28 U.S.C. § 2254(b)(2) in order to deny the habeas petition in its entirety, notwithstanding

the failure to exhaust state remedies on the ineffective assistance claim. Accordingly, for the

reasons set forth below, the petition is denied.

## DISCUSSION

1.      **Ineffective assistance of counsel**

-4-

McFadden claims that trial counsel was ineffective because he "incorrectly informed [McFadden] that he would not receive a longer sentence upon retrial." Petitioner's Leave Letter to the New York Court of Appeals, attached to Petition (Docket #1).  Apparently, sometime after his arraignment, and prior to the commencement of the retrial, trial counsel informed McFadden of a plea offer which involved a sentence promise of six to twelve years. According to McFadden, "counsel's performance was deficient by proving [*sic*] defendant with mistaken information upon which to base his appeal following the first trial." Petitioner's C.P.L. § 440.10 Motion, attached to Respondent's Appendix of Exhibits as Ex. L.

Court records reflect that after the first trial, McFadden was sentenced pursuant to New York Penal Law § 70.04 as a second violent felony offender due to his failure to controvert the existence of a 1979 conviction of second degree robbery.  The retrial was conducted by a different County Court judge.  For the first time, the prosecution filed a pre-sentencing application to have McFadden adjudicated as a persistent felony offender pursuant to § 70.10(1)(a) of the Penal Law. The prosecution's application included not only the 1979 robbery conviction, but also set forth a 1985 conviction on a charge of criminal possession of stolen property in the first degree for which McFadden was sentenced as a second felony offender to sentence of three and one-half to seven years. After an extensive hearing, the trial court granted the prosecution's application and sentenced McFadden as a persistent felony offender to fifteen years to life, the term permissible for first degree robbery, a class A-I felony. *See* N.Y. Penal Law § 70.10(2). The Court notes that McFadden has never controverted his status as a persistent felon, nor has he contested the legality of the sentence imposed. Moreover, there is no indication that either defense counsel, the prosecutor, or the trial court was aware of the extent of

McFadden's prior felony record at the time he was sentenced after the first trial. *See* June 7, 2002 County Court Order at 6, attached to Respondent's Appendix of Exhibits as Ex. N.

For a petitioner to establish that he was denied his Sixth Amendment right to the effective assistance of counsel, he first must show that counsel's performance was deficient–that is, counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687-8 (1984). Second, the petitioner must show that counsel's deficient performance prejudiced his defense, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* A defendant's Sixth Amendment right to counsel "attaches at all critical stages in the proceedings 'after the initiation of formal charges,' *Moran v. Burbine*, 475 U.S. 412, 431 (1986), which has been held to include plea negotiations." *United States v. Gordon*, 156 F.3d 376, 380-82 (2d Cir. 1998) (citing *Boria v. Keane*, 99 F.3d 492, 496-97 (2d Cir.1996) (holding that ineffective assistance of counsel during plea negotiations justified § 2254 habeas relief); *United States v. Day*, 969 F.2d 39, 44 (3d Cir. 1992) (holding that § 2255 could provide relief where trial counsel was ineffective by giving defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations); *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981)). As the Second Circuit has observed, "'[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision.'" *Id.* (quoting *Boria*, 99 F.3d at 496-97). "[I]t follows that '[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be

crucial to the decision whether to plead guilty.'" *Id.* (quoting *Day*, 969 F.2d at 43).

   The Second Circuit has explained that in order to show prejudice under *Strickland*, McFadden must show that there is a show reasonable probability that he would have accepted plea bargain if he had been accurately informed of the sentencing range he faced upon a plea and upon conviction after retrial. *Aeid v. Bennett*, 296 F.3d 58, 63 (2d Cir. 2002) (citing, *inter alia*, *Purdy v. United States*, 208 F.3d 41, 49 (2d Cir. 2000) (finding that in order to show prejudice under *Strickland*, defendant "must demonstrate a reasonable probability that but for [defense counsel's] deficiencies, [defendant] would have pled guilty") (citing *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999)). Significantly, McFadden has never asserted that he would have accepted the offer of six to twelve years if he knew that he could be subjected to an even longer sentence than he received after the first trial.  This is a "critical omission," *Aeid*, 296 F.3d at 64, in light of *Hill v. Lockhart*, 474 U.S. 52 (1985).  In *Hill*, the petitioner did not adequately to allege prejudice where he had failed to "allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have not pleaded guilty and [would have] insisted on going to trial." *Hill*, 474 U.S. at 60; *accord Aeid*, 296 at 64. In other words, fatal to McFadden's ability to show prejudice is his "failure to allege that correct advice from defense counsel would have altered [his] decision." *Aeid*, 296 at 64. Indeed, even if McFadden had alleged that his decision would have been different if he had received advice concerning the possibility of a fifteen-year-to-life sentence, the Court would not credit it. McFadden states that sometime after his arraignment, and prior to the start of his retrial, he was informed by counsel of a plea offer involving a sentence promise of six to twelve years (which would have reduced his initial prison sentence by four to eight years). He claims that because counsel informed him that

he could only receive ten to twenty years after retrial, he rejected the plea offer of six to twelve years. Because of this, it is rather difficult to believe that McFadden, who rejected such a favorable plea offer, would have been persuaded to accept the plea bargain even if he had been advised of the sentencing exposure of fifteen years to life.  Moreover, he should have known of the risks of rejecting a plea offer given his extensive prior record and his exposure to sentencing enhancements–something that he had already experienced. As the state court noted, even if McFadden had received advice about the possibility of a fifteen-year-to-life sentence, he "provided no reason or rationale for rejecting a plea offer which offered *even less time* in prison than the sentence originally imposed." June 7, 2002 County Court Order at 5, attached to Respondent's Appendix of Exhibits as Ex. N (emphasis in original).

Because McFadden has failed to establish the "prejudice" prong of the *Strickland* test, there is no need for the Court to consider whether he has shown that counsel's performance was constitutionally deficient.  *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.") Habeas relief accordingly cannot issue on this claim.

**2.      Denial of Fourth Amendment Rights**

McFadden contends that the trial court erred in failing to suppress evidence obtained incident to his unlawful arrest and that the pat-down search that the police officers performed was in contravention of his Fourth Amendment rights.

The Supreme Court has explicitly held that Fourth Amendment claims that have been litigated in state court are not cognizable on habeas review:

> [W]here the State has provided an opportunity for full and fair litigation of a
> Fourth Amendment claim, a state prisoner may not be granted federal habeas
> corpus relief on the ground that evidence obtained in an unconstitutional search or
> seizure was introduced at his trial. In this context the contribution of the
> exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal,
> and the substantial societal costs of application of the rule persist with special
> force.

*Stone v. Powell*, 428 U.S. 465 (1976); *accord Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir.

1992); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991). Here, McFadden litigated his Fourth

Amendment claim at the pretrial suppression hearing and on direct appeal to the Appellate

Division and the New York Court of Appeals. Thus, state corrective process was not only

available to petitioner but was utilized by him in seeking redress for his Fourth Amendment

claim. Therefore, the claim cannot support a petition for a writ of habeas corpus. *See*, *e.g.*,

*Gandarilla v. Artuz*, 322 F.3d 182, 185 (2d Cir. 2003) ("[T]he merits of a Fourth Amendment

challenge are not reviewable in a federal habeas proceeding if a defendant has had a fair

opportunity to litigate that question in State court . . . ."); *Graham v. Costello*, 299 F.3d 129, 134

(2d Cir. 2002) ("[O]nce it is established that a petitioner has had an opportunity to litigate his or

her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure),

the [state] court's denial of the claim is a conclusive determination that the claim will never

present a valid basis for federal habeas relief."). Accordingly, McFadden's Fourth Amendment

claim must be dismissed.

## CONCLUSION

For the reasons stated above, Thomas McFadden's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because he has failed to

make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of

appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      March 24, 2006
            Buffalo, New York.